IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE YOUNGS ) | No. C 05-3133 RMW (PR) |
| ) | |
| Plaintiff, ) | ORDER OF DISMISSAL |
| ) | WITH LEAVE TO AMEND; |
| vs. ) | DENYING MOTION TO |
| ) | APPOINT COUNSEL |
| CAPTAIN P.T. SMITH, et al., ) | WITHOUT PREJUDICE |
| ) | |
| Defendants. ) | |
| ) | (Docket No. 7) |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Pelican Bay State Prison ("PBSP") personnel. Plaintiff has been granted leave to proceed in forma pauperis. On November 30, 2005, plaintiff filed a first amended complaint and a second amended complaint. Plaintiff also filed a motion to appoint counsel. The court has reviewed the second amended complaint and concludes that plaintiff fails to state a cognizable claim under § 1983. Accordingly, the court will DISMISS the second amended complaint with leave to amend. The court will DENY plaintiff's motion to appoint counsel (docket no. 7) without prejudice.

\\\

\\\

\\\

**DISCUSSION**

A.  <u>Motion to Appoint Counsel</u>

Plaintiff has filed a motion to appoint counsel.  However, there is no constitutional right to counsel in a civil case.  <u>Lassiter v. Dep't of Social Services</u>, 452 U.S. 18, 25 (1981).  28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis.  28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  <u>See</u> <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  <u>See id.</u>  Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex.  <u>See</u> <u>Rand</u>, 113 F.3d at 1525 (where plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally articulate and organized, district court did not abuse discretion in denying request for counsel).  The court concludes that appointment of counsel is not necessary at this time.  As set forth below, the court will grant plaintiff leave to file a third amended complaint in order for the court to review the merits of plaintiff's claims.  Accordingly, plaintiff's motion to appoint counsel (docket no. 7) is DENIED without prejudice.

B.  <u>The Merits</u>

**1.  Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.

1   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and
2   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief
3   may be granted, or seek monetary relief from a defendant who is immune from such
4   relief.  Id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  Balistreri v.
5   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person
7   acting under the color of state law committed a violation of a right secured by the
8   Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).
9   Liability may be imposed on an individual defendant under section 1983 if the plaintiff
10  can show that the defendant proximately caused the deprivation of a federally protected
11  right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg,
12  664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right
13  within the meaning of section 1983 if he does an affirmative act, participates in another's
14  affirmative act or omits to perform an act which he is legally required to do, that causes
15  the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633; Robins v.
16  Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).  To state a claim a plaintiff must show a
17  specific constitutional or federal guarantee safeguarding the interests that have been
18  invaded.  See Paul v. Davis, 424 U.S. 693, 697 (1976).

19        **2.**       **Plaintiff's Claims**

20        Plaintiff alleges that on May 31, 2005 PBSP correctional officers placed his life in
21  jeopardy as well as the safety of the institution when they allowed a mixed reintegrated
22  group of black and white inmates out on the yard.  Plaintiff claims that the officers knew
23  about black and white riots because at the time there were several inmates housed in
24  administrative segregation for riots between black and white inmates.  Plaintiff names the
25  following defendants in his second amended complaint: Richard Kirkland, Warden,
26  Pelican Bay State Prison; K. Trimm, Correctional Officer, Pelican Bay State Prison; and
27  P.T. Smith, Facility Captain, Pelican Bay State Prison.  Plaintiff seeks compensatory
28  damages and costs.  See Second Amended Complaint at 1-2.

1    The Eighth Amendment requires that prison officials take reasonable measures to
2 guarantee the safety of prisoners. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994). In
3 particular, prison officials have a duty to protect prisoners from violence at the hands of
4 other prisoners. <u>Id.</u> at 833; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005);
5 <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1250 (9th Cir. 1982); <u>Gillespie v. Civiletti</u>, 629 F.2d
6 637, 642 & n.3 (9th Cir. 1980). The failure of prison officials to protect inmates from
7 attacks by other inmates or from dangerous conditions at the prison violates the Eighth
8 Amendment only when two requirements are met: (1) the deprivation alleged is,
9 objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately
10 indifferent to inmate safety. <u>Farmer</u>, 511 U.S. at 834; <u>Hearns</u>, 413 F.3d at 1040-41.

11    A prisoner may state a § 1983 claim under the Eighth Amendment against prison
12 officials only where the officials acted with "deliberate indifference" to the threat of
13 serious harm or injury to an inmate by another prisoner, <u>see</u> <u>Berg</u>, 794 F.2d at 459. A
14 prison official cannot be held liable under the Eighth Amendment for denying an inmate
15 humane conditions of confinement unless the standard for criminal recklessness is met,
16 i.e., the official knows of and disregards an excessive risk to inmate health or safety. <u>See</u>
17 <u>Farmer</u>, 511 U.S. at 837. The official must both be aware of facts from which the
18 inference could be drawn that a substantial risk of serious harm exists, and he must also
19 draw the inference. <u>See</u> <u>id.</u> However, an Eighth Amendment claimant need not show that
20 a prison official acted or failed to act believing that harm actually would befall an inmate;
21 it is enough that the official acted or failed to act despite his knowledge of a substantial
22 risk of serious harm. <u>See</u> <u>id.</u> at 842; <u>see also</u> <u>Robins v. Meecham</u>, 60 F.3d 1436, 1439-40
23 (9th Cir. 1995) (bystander-inmate injured when guards allegedly used excessive force on
24 another inmate need not show that guards intended to harm bystander-inmate).

25    Allegations in a <u>pro se</u> complaint sufficient to raise an inference that the named
26 prison officials acted with deliberate indifference – i.e, that they knew that plaintiff faced
27 a substantial risk of serious harm and disregarded that risk by failing to take reasonable
28 measures to abate it – states a "failure-to-protect" claim. <u>See</u> <u>Hearns</u>, 413 F.3d at

1041-42.

Plaintiff's claims fail at the outset because Plaintiff does not set forth specific facts showing how each defendant proximately caused a constitutional deprivation. For a claim to be cognizable, a plaintiff must "set forth specific facts as to each individual defendant's deprivation of protected rights. Leer, 844 F.2d at 634. But here, plaintiff makes conclusory allegations against all defendants without explaining exactly how the alleged violations occurred, what happened, the circumstances, or the actions of each individual involved. As such, the complaint does not state a cognizable claim against any of the defendants.

Plaintiff must allege facts supporting each claim against each individual defendant separately in his third amended complaint showing his entitlement to relief from each defendant. For example, plaintiff should describe what the defendant(s) did or failed to do, and describe how each defendant's acts or omissions caused him injury. Plaintiff must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to the defendants as a group, i.e., "the defendants;" rather, he should identify each involved defendant by name and link each of them to a specific claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.

As to plaintiff's claim against Warden Richard Kirkland, plaintiff is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).

Plaintiff will be given leave to amend the complaint to cure these deficiencies.

1 Accordingly, the court grants plaintiff leave to file a third amended complaint within
2 **thirty days** of the date this order is filed to include sufficient facts to support his claim
3 against each defendant and the alleged constitutional violation he suffered.

**CONCLUSION**

1. Plaintiff's motion to appoint counsel (docket no. 7) is DENIED without prejudice.

2. Plaintiff's second amended complaint is hereby DISMISSED with leave to amend, as indicated above, within **thirty days** from the date of this order. The amended complaint must include the caption and civil case number used in this order (05-3133 RMW (PR)) and the words "THIRD AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S. Ct. 321 (1992). Plaintiff may not incorporate material from the original complaint, such as supporting documentation or exhibits, by reference. Plaintiff must include all documentation and supporting information with the third amended complaint. **Failure to amend within the designated time will result in the dismissal of the complaint without prejudice.**

2. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   4/15/2006                        /s/ Ronald M. Whyte
                                          RONALD M. WHYTE
                                          United States District Judge

1  This is to certify that on ____4/19/2006_____, a copy of this
2  ruling was mailed to the following:

3  Tyrone Youngs
   T-86123
4  Pelican Bay State Prison
   P.O. Box 7500
5  Crescent City, CA  95532-7500

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal With Leave to Amend; Denying Motion to Appoint Counsel Without Prejudice
P:\pro-se\sj.rmw\cr.05\Youngs133dwlta                7